AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>SANDRA M. MUNOZ, dob xx-xx-84<br><br>Defendant(s) | Case No. 20-M- 769 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  between 06/01/19 and 12/02/20  in the county of  Outagamie  in the  Eastern  District of  Wisconsin , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841(a)(1) and (b)(1)(A) and 846 | Count One- knowingly and intentionally conspired with others to distribute and possess with intent to distribute in excess of five kilograms of cocaine, a Schedule II controlled substance |

This criminal complaint is based on these facts:

See Attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

TFO Steven Lewis
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/3/2020

*Judge's signature*

City and state: Green Bay, Wisconsin

Honorable James R. Sickel
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT & ARREST WARRANT

TFO Steven Lewis, being first duly sworn, states that:

### Background

1. I have been a state certified law enforcement officer since February 1996 and currently employed as a Special Agent with the Wisconsin Department of Justice, Division of Criminal Investigation (DCI) since 2001. Since February 2019, I have been assigned to the Drug Enforcement Administration (DEA)-Green Bay Regional Office (GRBO). I am a federally deputized Task Force Officer with the United States Department of Justice, Drug Enforcement Administration (DEA). As such, I am an investigative or law enforcement officer of the United States within the meaning of Section of 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

2. My responsibilities as a TFO include the investigation of violent crimes, criminal enterprises, violations relating to the illegal sale and transfer of narcotics and firearms, and violent criminal acts in furtherance of criminal enterprises. In addition, my duties include the investigation of drug trafficking organizations (DTOs) and violations of federal narcotics, firearms, and money laundering laws, including, but not limited to, offenses defined by 21 U.S.C. §§ 841, 843, and 846, and 18 U.S.C. §§ 922, 924, and 1956. I have received specialized training in the means and methods by which individuals and DTOs conduct their illegal drug trafficking activities, as well as in the use of various investigative techniques used to uncover unlawful drug trafficking. I have also participated in multiple investigations involving illegal drug trafficking by DTOs.

1

### Basis for Information in Affidavit

3. The information contained in this affidavit is based upon my personal knowledge and investigation, and information supplied to me by other law enforcement officers including DEA, DCI, Lake Winnebago Area Metropolitan Enforcement Group – Drug Unit (LWAM), and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) (collectively referred to as "law enforcement"), all of whom I believe to be truthful and reliable. Based on my investigation and the information supplied to me by other law enforcement personnel, I have probable cause to believe the following regarding **LUIS A. MORALES (DOB: XX/XX/1980), SANDRA M. MUNOZ (DOB: XX/XX/1984); MANUEL MUNOZ (AKA "IVAN BOLA") (DOB: XX/XX/1978); and JAVIER GUZMAN BECERRA (DOB: XX/XX/1988).**

### Facts Establishing Probable Cause

*A. Background*

4. Beginning in 2009, law enforcement began receiving information that LUIS MORALES was a high-end cocaine dealer in the Northwestern Wisconsin area who was importing large quantities of cocaine from Mexico. In March of 2018, DEA-GRBO was requested to assist in the joint investigation with DCI and LWAM. Law enforcement was aware that LUIS MORALES was the owner of several restaurant businesses in the Fox Valley area, including the following:

   a. Mr. Taco – Kimberly, located at 700 Schelfhout Ln, Ste A, Kimberly, WI 54136;

   b. Mr. Taco – Appleton, located at 106 S State Street, Appleton, WI 54911;

   c. Mr. Taco – Hilbert, located at 107 S 8th Street, Hilbert, WI 54129; and

   d. Savor Food & Spirits, located at 700 Schelfhout Ln, Ste C, Kimberly, WI 54136.

5. During the investigation, law enforcement cultivated confidential informants ("CIs") to acquire narcotics from LUIS MORALES and known members of LUIS MORALES' DTO, including SANDRA MUNOZ, MANUEL MUNOZ, and JAVIER GUZMAN-BECERRA.

### B. Confidential Informant Statements

6. CI-3130, who has proven to be truthful and reliable, informed law enforcement that he began purchasing cocaine from ADULT MALE 1 in late 2019. From mid-late 2019 through January 2020, CI-3130 stated that he purchased approximately four kilograms (4,000 grams) of cocaine from ADULT MALE 1 at a cost of approximately $152,000. CI-3130 stated that he would typically purchase cocaine from ADULT MALE 1 two to three times per month in quarter-kilogram and half-kilogram quantities. In January of 2020, CI-3130 stated that ADULT MALE 1 introduced him to LUIS MORALES.

7. CI-3143, who has proven to be truthful and reliable, informed law enforcement that he began purchasing cocaine from ADULT MALE 1 in mid-to-late 2018. CI-3143 stated that from mid-to-late 2018 until February of 2020, CI-3143 would regularly obtain approximately two ounces of cocaine per month from ADULT MALE 1. CI-3143 further stated that ADULT MALE 1 introduced him to SANDRA MUNOZ.

### C. Controlled Purchases and Payments

8. From January 2020 through November 2020, CI-3130 and CI-4143 conducted several controlled purchases of and controlled payments for cocaine, including the following:

   a. On January 16, 2020, CI-3130 provided ADULT MALE 1 with money for an anticipated future delivery of 4.5 ounces of cocaine.

   b. On February 17, 2020, CI-3143 provided SANDRA MUNOZ with money for an anticipated future delivery of cocaine. This transaction was arranged by ADULT MALE 1.

c. On February 18, 2020, CI-3143 received approximately 27.6 grams of cocaine on consignment from MANUEL MUNOZ. This transaction was arranged by SANDRA MUNOZ.

d. On February 21, 2020, CI-3143 received approximately 27.4 grams of cocaine from SANDRA MUNOZ. CI-3143 also provided SANDRA MUNOZ with money for the cocaine CI-3143 previously received on February 18, 2020. This transaction was arranged by ADULT MALE 1.

e. On March 3, 2020, CI-3143 received approximately 28.4 grams of cocaine from SANDRA MUNOZ. CI-3143 also provided SANDRA MUNOZ with $1,200 for the cocaine CI-3143 received on February 21, 2020.

f. On March 13, 2020, CI-3143 received approximately 28.4 grams of cocaine from ADULT MALE 1. CI-3143 also provided ADULT MALE 1 with money for the cocaine CI-3143 previously received on March 3, 2020.

g. On March 30, 2020, CI-3143 paid SANDRA MUNOZ for the cocaine CI-3143 previously received from ADULT MALE 1 on March 13, 2020.

h. On April 23, 2020, CI-3130 received approximately 27.5 grams of cocaine on consignment from LUIS MORALES. This transaction was arranged by ADULT MALE 1.

i. On April 24, 2020, CI-3143 received approximately 27.4 grams of cocaine on consignment from SANDRA MUNOZ.

j. On April 29, 2020, CI-3130 received approximately 26.6 grams of cocaine from LUIS MORALES. CI-3130 also provided LUIS MORALES with money for the cocaine CI-3130 previously received on April 23, 2020.

k. On May 4, 2020, CI-3130 received approximately 28.5 grams of cocaine from LUIS MORALES. CI-3130 also provided LUIS MORALES with money for the cocaine CI-3130 previously received on April 29, 2020.

l. On May 12, 2020, CI-3143 provided money to MANUEL MUNOZ for the cocaine CI-3143 previously received from SANDRA MUNOZ on April 24, 2020.

m. On May 28, 2020, CI-3130 provided an unknown employee of Mr. Taco (Kimberly Location) with money for the cocaine CI-3130 previously received on May 4, 2020.

n. On June 8, 2020, CI-3130 received approximately 140.1 grams of cocaine from LUIS MORALES. CI-3130 provided LUIS MORALES with two of the five

4

installment payments for this cocaine transaction.

  o. On June 10, 2020, CI-3130 provided an unknown employee of Mr. Taco (Kimberly Location) with the second installment payment for the cocaine CI-3130 previously received on June 8, 2020.

  p. On June 25, 2020, CI-3130 provided an unknown employee of Mr. Taco (Kimberly Location) with the final installment payment for the cocaine CI-3130 previously received on June 8, 2020.

  q. On July 15, 2020, CI-3183 received approximately 12.8 grams of cocaine from MANUEL MUNOZ.

  r. On August 18, 2020, CI-3130 received approximately 25.2 grams of cocaine from LUIS MORALES.

  s. On September 18, 2020, CI-3130 received approximately 52.1 grams of cocaine from JAVIER GUZMAN BECERRA. This transaction was arranged by LUIS MORALES.

  t. On September 22, 2020, CI-3130 provided money to an unknown employee of Mr. Taco (Kimberly Location) for cocaine CI-3130 previously received on September 18, 2020.

  u. On October 29, 2020, CI-3130 received approximately 27.6 grams of cocaine from LUIS MORALES.

  v. On November 20, 2020, CI-3130 received approximately 27.7 grams of cocaine and 453 grams of marijuana (THC) from an unknown employee of Mr. Taco (Kimberly Location). This transaction was arranged by LUIS MORALES.

9.  During the controlled transaction on April 23, 2020, LUIS MORALES informed CI-3130 that he was ADULT MALE 1's cocaine source. Further, during the controlled transaction on August 18, 2020, LUIS MORALES instructed CI-3130 to get ahold of JAVIER GUZMAN BECERRA if CI-3130 was unable to connect with LUIS MORALES.

10.  All of the above-referenced controlled purchases and payments occurred in the Eastern District of Wisconsin and were conducted under the direction and surveillance of law enforcement, and all of the above-referenced cocaine tested positive for the presence of cocaine.

### D. Traffic Stop on December 2, 2020

11. On December 2, 2020, a traffic stop was executed on LUIS MORALES' vehicle on highway 41 near Lomira, Wisconsin, which is located in the Eastern District of Wisconsin. LUIS MORALES was identified as a passenger of the vehicle. Law enforcement searched LUIS MORALES' vehicle and, on the floorboard behind the front driver's seat, located approximately two kilograms (2,000 grams) of suspected cocaine. Each kilogram of cocaine was individually packaged. The suspected cocaine tested positive for the presence of cocaine. LUIS MORALES subsequently admitted that he purchased the two kilograms of cocaine for $80,000 in the Chicago, Illinois area.

### E. Search Warrants on December 2, 2020

12. On December 2, 2020, law enforcement officers executed a search warrant at LUIS MORALES' residence located at N197 Easttowne Lane, Appleton, in the State and Eastern District of Wisconsin. Law enforcement is aware that this is LUIS MORALES' residence based upon surveillance and LUIS MORALES' vehicle registration. At LUIS MORALES' residence, officers located approximately 244.5 grams of suspected cocaine which subsequently tested positive for the presence of cocaine.

### Summary

13. Based upon this investigation, your affiant believes that LUIS A. MORALES, SANDRA M. MUNOZ, MANUEL MUNOZ, JAVIER GUZMAN BECERRA, and ADULT MALE 1 conspired to distribute five kilograms or more of cocaine. LUIS MORALES has, historically, distributed in excess of five kilograms of cocaine and has utilized SANDRA M. MUNOZ, MANUEL MUNOZ, and JAVIER GUZMAN BECERRA to distribute cocaine and/or

accept controlled payments on his behalf. As noted in this complaint, LUIS MORALES admitted to CI-3130 that he was ADULT MALE 1's cocaine source. As further noted in this complaint, SANDRA MUNOZ and MANUEL MUNOZ conspired with ADULT MALE 1 to distribute cocaine and accepted cocaine payments on ADULT MALE 1's behalf. Finally, LUIS MORALES instructed CI-3130 to contact JAVIER GUZMAN BECERRA to obtain cocaine in LUIS MORALES' absence, and CI-3130 has obtained cocaine from JAVIER GUZMAN BECERRA as instructed by LUIS MORALES.

## CONCLUSION

14. Based upon the foregoing information, I know there is probable to believe that **SANDRA M. MUNOZ** conspired with others to distribute and possess with intent to distribute a mixture and substance containing in excess of five kilograms of cocaine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

15. Because this affidavit is offered for the limited purpose of supporting the criminal complaint and arrest warrant for **SANDRA M. MUNOZ**, I have not set forth every fact known to me regarding this incident. Rather, I have included only those facts which I believe establish probable cause.

TFO Steven Lewis
Federally Deputized Law Enforcement Officer

Sworn and attested to me by reliable electronic means pursuant to the requirements of Fed. R. Crim P. 4.1 (Telephone) this 3 day of December, 2020.

~~Notary Public~~ US Magistrate Judge
~~My commission expires:~~ James R. Sickel

7